IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02351–WYD–KMT

PATRICIA FOXWELL,

      Plaintiff,

v.

VAIL VALLEY MEDICAL CENTER,

      Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on the Order to Show Cause (Doc. No. 8).  On September 24, 2010, Plaintiff filed her Title VII Complaint, naming Vail Valley Medical Center as the defendant.  (Doc. No. 1.)  On October 7, 2010, this court set a Scheduling Conference for December 30, 2010.  (Doc. No. 4.)  On December 21, 2010, reset the Scheduling Conference to March 22, 2010.  (Doc. No. 6.)  On March 3, 2011, this court vacated the Scheduling Conference because Defendant had not been served.  (Doc. No. 9.)

Pursuant to Fed. R. Civ. P. 4(m),

[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It is now well beyond 120 days since the Plaintiff's Complaint was filed in this matter and the defendant has yet to be served.  On January 24, 2011, this court ordered Plaintiff to show cause in writing, on or before February 4, 2011, why the claims against the defendant should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.  Plaintiff did not file a response to the Order to Show Cause.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants unless the plaintiff can show good cause for his failure to serve.  Here, Plaintiff has failed to provide good cause for his failure to timely serve the defendant and has failed to respond to the Order to Show Cause.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that the claims against the defendant and this case be dismissed in their entirety without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known*

*As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

        Dated this 14th day of March, 2011.

                                         **BY THE COURT:**

                                         _____
                                         Kathleen M. Tafoya
                                         United States Magistrate Judge